### GREGORY v. PIKE et al.

#### (Circuit Court of Appeals, First Circuit. September 26, 1894.)

#### No. 98.

1. TRANSCRIPT OF RECORD ON CROSS APPEALS — CROSS BILL DISMISSED BY FINAL DECREE.

> One not originally made a defendant in a bill in equity was brought in as such by subsequent proceedings, and allowed to file a cross bill. On his own motion, he was dismissed as defendant in the original bill. The final decree in terms dismissed his cross bill, and he was allowed an appeal, but he was not named as appellee in an appeal from the decree taken by the complainant. *Held,* that the transcript of the record for use on both appeals should include the cross bill and the proceedings and proofs thereon.

2. SAME — ORDER TO FILE FULL TRANSCRIPT.

> From the transcript filed in such case, at the request of the complainant as appellant, the cross bill and the proceedings under it were omitted. *Held* that, as speedy action was needed, the court, in the exercise of its inherent power to dismiss unless a proper transcript is filed, would require the complainant to file a complete transcript on peril of dismissal of his appeal, instead of awaiting the usual and less expeditious remedy by certiorari.

3. SAME.

> Nashua & L. R. Corp. v. Boston & L. R. Corp., 9 C. C. A. 468, 61 Fed. 237, applied.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit by Charles A. Gregory against Frederick A. Pike and others to compel the surrender of certain notes, brought in the supreme judicial court of Massachusetts, and removed therefrom to the United States circuit court. In that court George W. Butterfield and John C. Kemp Van Ee were brought in as defendants, and given leave by the court to file (29 Fed. 588), and did file, cross bills in the case. In a supplemental bill filed by complainant additional parties were made defendants, and, by amendment thereto, after the decease of the defendant Frederick A. Pike, his executrix, Mary H. Pike, was made a defendant. By the final decree the cross bill filed by Butterfield was dismissed. Complainant appealed from the decree, but did not make Butterfield a party appellee to his appeal; and at complainant's request the clerk of the circuit court omitted from the transcript of the rec-

ord on the appeal the cross bill of Butterfield and the proceedings under it. An appeal from the decree was also allowed to Butterfield, and was duly perfected by him. He filed in this court a motion for leave to enter an appearance in the appeal of complainant, and a petition to docket his own appeal, both which were granted; and he also filed a petition claiming that the transcript of record filed at the request of complainant was defective.

George D. Noyes, for petitioner Butterfield.

Francis A. Brooks, for Charles A. Gregory.

John Lowell and Thomas H. Talbot, for Mary H. Pike.

A. Lawrence Lowell, for John C. Kemp Van Ee.

Thomas H. Talbot, pro se.

Before PUTNAM, Circuit Judge, and CARPENTER, District Judge.

PUTNAM, Circuit Judge. By a petition filed under a cross appeal, Butterfield, the appellant therein, claims that the transcript of the record in this case is defective. The method of the proceeding may be irregular, but no objection on that score was pressed on the court, and all parties desire the case put in position for prompt hearing.

The facts needed to be referred to in this preliminary matter are few. Gregory, the appellant, was sole plaintiff in the original bill in the circuit court. Butterfield was not originally made a defendant in that bill, but by force of subsequent proceedings was recognized by the court as brought in as such by amendment, and was allowed to file a cross bill. The final decree below in terms dismissed this cross bill, and Butterfield was allowed an appeal, whether from the dismissal of the cross bill or from other parts of the final decree it is not important to consider at present. The appeal thus allowed him is the cross appeal already referred to. Butterfield was, on his own motion, at one stage of the case below, apparently dismissed as a defendant in the original bill. He was not named as a party appellee in Gregory's appeal, and it is claimed that he has no standing in this case. Whether it is so, or whether the omission to name him as an appellee was an irregularity, we need not now consider. It is enough for all present purposes that his cross bill was recognized in the final decree below, and that we cannot determine the effect or propriety of that recognition unless we have the cross bill before us.

The clerk below, at the request of appellant, omitted from the transcript in this case the cross bill and the proceedings under it; and he was probably justified in so doing by our expressions in Nashua & L. R. Corp. v. Boston & L. R. Corp., 9 C. C. A. 468, 61 Fed. 237. But this action of the clerk was, of course, in all respects subject to revision by this court. The original bill and the cross bill in the court below constituted, of course, but one suit (Ex Parte Railroad Co., 95 U. S. 221, 225), and by immemorial usage was so docketed in that court. But separate and distinct appeals, whether there is or not any cross bill, are, by long usage, separately docketed, though in substance, under usual circumstances, only one case, and usually required to be argued as such. Sup. Ct. Rule 22, and our Rule 25. For this reason section 1013 of the Revised Statutes was able to provide that one transcript of the record filed by either appellant might be used in both appeals.

It is, however, claimed by Gregory, and by the appellees other than Butterfield, that the proceedings in the court below touching Butterfield have left him no standing as defendant in the original bill, and that the merits of that bill can be disposed of without consideration of the cross bill. There sometimes are cases where the appellate tribunal easily perceives that a partial transcript is sufficient, and can safely hear an appeal on that. But clearly this matter is too involved to permit the court to assume to foresee what its phases are, and the reference to the cross bill in the final decree, already referred to, enforces this proposition. We cannot proceed unless some one brings the whole record before us. As it is apparent this case needs speedy action, we avail ourselves of the privilege given by Railroad Co. v. Schulte, 100 U. S. 644, cited in Nashua & L. R. Corp. v. Boston & L. R. Corp., ubi supra, of announcing in advance a purpose to dismiss unless a full transcript is filed, rather than await the usual and less expeditious remedy by certiorari.

The question remains, to whom shall we first apply whatever order we may make? We have no power to compel any party to bring up a record by a direct order to that effect, unless the issue of a writ of certiorari can be construed as the exercise of such power. We have, however, an inherent power to dismiss unless a proper transcript is filed, which may be exercised under the rules or specially. But both Gregory and Butterfield are appellants, and in what order of priority as between them shall this power be exercised? Gregory was the complainant in the original bill, and so set the litigation in motion; and when such a complainant becomes appellant the usage is to look first to him for the record. If he elects not to file it, and his appeal is dismissed in consequence thereof, it will be in season to consider the fate of other appeals, in case the appellants therein make like default when their appeals are called for argument, if no earlier occasion for such consideration arises.

Ordered, that appellant Gregory file as soon as practicable a transcript of all parts of the record in the circuit court, including the cross bill of Butterfield, and all proceedings and proofs thereon, not included in the transcript already filed, and cause the same to be forthwith thereafter printed under the rule, on peril of this appeal being dismissed.